Filed 4/28/16  P. v. Magana CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL MAGANA,<br><br>    Defendant and Appellant. | B266274<br><br>(Los Angeles County<br>Super. Ct. No. BA209316) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Miguel Magana appeals from the denial of his petition for recall of sentence under Proposition 36, the Three Strikes Reform Act of 2012 (Act). We affirm.

## PROCEDURAL BACKGROUND

In 2001, Magana was found guilty of corporal injury to a spouse (Pen. Code, § 273.5, subd. (a))[1] and assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), each with personal use of a deadly or dangerous weapon (§12022, subd. (b)(1)), and first degree burglary (§ 459). Magana admitted two prior convictions of robbery (§ 211) and residential burglary (§ 459). (§ 667, subd. (d)). The trial court sentenced Magana to a Three Strikes term of 25 years to life in state prison. (The judgment was affirmed on appeal in *People v. Magana* (Jan. 31, 2002, B148974) [nonpub. opn.].)

On June 15, 2015, Magana, acting in propria persona, filed a petition for writ of habeas corpus. He "petition[ed] for recall of his sentence pursuant to . . . section 1170.126" and "further allege[d] that his sentence and ju[d]gment restrain[ed] [him] of his liberty in violation of California and federal constitutions and law." He set forth three grounds for relief: (1) resentencing him would not pose an unreasonable risk of danger to public safety, (2) his strike priors should be dismissed in the interest of justice, and (3) his trial counsel rendered ineffective assistance by convincing Magana to admit his prior convictions.

The trial court treated part of the habeas petition as a Proposition 36 petition and, on June 25, 2015, denied the petition as untimely because it "was not filed within the two-year deadline from the effective date of Proposition 36 (November 7, 2012), as required by section 1170.126(b)[,] and good cause was not stated for the late filing." The court denied the rest of the habeas petition without prejudice to refiling it as a separate petition in the sentencing court. Defendant timely appealed from the denial of his petition to recall his sentence.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

## *DISCUSSION*

We appointed counsel to represent Magana on appeal. After reviewing the record, counsel filed an opening brief requesting this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Magana and notified Magana that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Magana has not filed a supplemental brief.

We have examined the entire record and determined that, as the trial court found, Magana's petition to recall his sentence under Proposition 36 was untimely and he did not establish good cause for a filing delay.

Section 1170.126, subdivision (b) provides: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause,* before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (Italics added.) The Act became effective on November 7, 2012. (§ 1170.126; added by initiative [Prop. 36, § 6 (Gen. Elec. Nov. 6, 2012) eff. Nov. 7, 2012].)

Here, Magana filed his petition on June 15, 2015—more than six months past the two-year window for filing. He provided no explanation attempting to establish good cause for filing a late petition. As the petition made no showing of good cause for the delay, it was properly denied as untimely.

3

We are satisfied that defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The trial court's order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EDMON, P. J.


We concur:



ALDRICH, J.



LAVIN, J.